IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RANDY L. DAVENPORT, 322617,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:09-CV-798-B |
| ) | ECF |
| **CITY OF GARLAND, TEXAS, et al.,** ) | |
| Defendants. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred the City of Garland's (the "City's") Second Motion to Dismiss for Failure to State a Claim ("Motion," doc. 32) to the United States Magistrate Judge. Plaintiff filed a response (doc. 35), and the City filed a reply (doc. 36). After considering the Motion, the response, the reply, and the applicable law with respect to Plaintiff's claims against the City, the Court recommends that the City's Motion be **GRANTED**.

### Background

Randy Davenport ("Plaintiff") filed suit against the City and several John Doe defendants, claiming the officers used excessive force during his arrest on October 11, 2007. Plaintiff pled guilty to attempting to take a weapon from a police officer and was sentenced on August 29, 2008. He is currently incarcerated at the McConnell Unit of TDCJ-CID in Beeville, Texas. The City responded to Davenport's suit by filing a "Motion to Dismiss or Alternatively for More Definite Statement." On November 10, 2009, the Court granted the City's "Motion for More Definite Statement" and required Plaintiff to file an amended complaint with the required specificity within 45 days. Plaintiff filed a pleading entitled "Motion for More Definite Statement" which the District Court interpreted as Plaintiff's attempt to file an amended complaint. The District Court ordered Plaintiff to refile the document as an Amended Complaint within 15 days. Plaintiff filed a First

Amended Complaint on January 20, 2010, and then on January 27, 2010 filed a Second Amended Complaint. Plaintiff's allegations against the City in both of his amended complaints are identical.

## Standard of Review

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation and footnote omitted). However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp*., 199 F.3d 239, 248 n.6 (5th Cir. 2000).

A city is not liable under § 1983 on the theory of *respondeat superior*. *Monell v. Dep't. of Social Serv.*, 436 U.S. 658, 694 (1978); *Johnson v. Deep East Tex. Reg'l Narcotics*, 379 F.3d 293, 308 (5th Cir. 2004). A municipality is almost never liable for an isolated unconstitutional act on the

part of an employee. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). This is so because to establish municipal liability under § 1983, a plaintiff must show that an official policy, promulgated by the municipal policymaker, was the moving force behind the violation of a constitutional right. *Id*.

Official policy usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id*. at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). Nevertheless, a policy or custom is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Thus, a plaintiff must show the policy was promulgated by the municipality's policymaker. The concept of "de facto" final policymaking authority does not exist. *See Gros v. City of Grand Prairie, Tex.*, 181 F.3d 613, 616 n. 2 (5th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988)).

Finally, a plaintiff must establish that the policy was the moving force behind the violation. In other words, a plaintiff must show a direct causal link between the policy and the violation. *See Piotrowski*, 237 F.3d at 580; *see also Johnson*, 379 F.3d at 310 (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) ("must be more than a mere 'but for'")).

3

## Analysis

The Court begins its analysis, as did the *Iqbal* court, by identifying the allegations in the complaint that are conclusory and therefore not entitled to the assumption of truth. *See Iqbal*, 129 S.Ct. at 1949.

Plaintiff makes the conclusory allegation that "the City of Garland has practices, customs, policies and procedures which caused his injuries." Plaintiff further alleges that these policies cause excessive force to proliferate, resulting in Plaintiff's damages. He alleges that the City has a "code of silence" regarding excessive force and tolerates it. Plaintiff fails to name the City's final policymaker who allegedly makes, adopts, or ratifies those practices, customs, policies, and procedures. Nor does he state facts which would allow the Court to make such a determination.[1] Plaintiff alleges no facts to show the final policymaker knew of, or had constructive knowledge of, even a single instance of excessive force that occurred before Plaintiff's arrest. He alleges only the conclusion that the use of excessive force by Garland police officers is so common and well known to the unnamed final policymaker that it constitutes a custom that fairly represents official policy. Plaintiff's conclusions, unsupported by facts, are not entitled to the presumption of truth.

Plaintiff's other allegations concern internal affairs investigations, training, and discipline. The Court assumes as true the fact that the City's Internal Affairs Division ("IAD") denied

---

[1] In a Texas municipality with a population between 10,000 and 1.5 million, such as the City, the creation of a police civil service commission must be approved by the municipality's voters. *See* Tex. Loc. Gov't Code Ann. § 143.002 (1999 Supp.). The commission is then empowered under the Texas Local Government Code to make and review certain decisions regarding the hiring and disciplining of police officers. *See id.* § 143.001 *et seq.* There are thus questions of local and state positive law whether a Garland Civil Service Commission was adopted by the Garland voters and whether that commission, instead of the Garland City Council or Chief of Police, was the final policymaking authority over the City's hiring or discipline policies.

Plaintiff's complaint against the arresting officers.  According to Plaintiff, he suffered damages because the IAD did not adequately or seriously investigate the incident in question.  He alleges that Garland police officers know that the IAD seldom finds violations and that the IAD's indifference encourages Garland police officers to use excessive force.  He contends that the City neither disciplines nor fires its police officers for using excessive force.  Further, he claims the City does not train the officers to prevent excessive force nor retrain those who have engaged in it.  Without any facts to support these allegations, they are no more than conclusory allegations that the City ratified the officers' use of excessive force against him in this case by denying his IAD claim and generally failing either to train or supervise its officers.  Again, Plaintiff makes complaints against the City's policies but fails to name the final policymaker or state any facts which would allow the Court to make that determination.  These bare assertions amount to nothing more than a "formulaic recitation of the elements" of a municipal liability claim.  *Twombly*, 550 U.S. at 554-555.  As such, the allegations are conclusory and not entitled to the assumption of truth.  *Id*.

Plaintiff has not pled any facts which, taken as true, show similar incidents of excessive force.  No facts reveal the identity of the City's final policymaker nor show that the policymaker knew of or approved a pattern or practice of excessive force, much less ratified its use.  Similarly, no facts show that the City's final policymaker failed to provide officers training in the proper use of force, or failed to discipline officers who used excessive force.  Further, no facts show a direct causal link between any City policy or custom and Plaintiff's damages.  In sum, Plaintiff cites no facts which plausibly suggest an entitlement to relief against the City.  Additionally, Plaintiff has had the opportunity to state his best case against the City.  Accordingly, leave to file a Third Amended Complaint is not warranted.

**Recommendation**

The Court recommends that the District Court grant the City's Motion (doc. 32) and dismiss with prejudice Plaintiff's claims against the City.

**IT IS SO RECOMMENDED**, April 9, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).