IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDY L. DAVENPORT, 322617,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil No. 3:09-CV-798-B<br>)   ECF |
| CITY OF GARLAND, TEXAS, et al.,<br>    Defendants. | )<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the Motion for Summary Judgment, ("Motion"), filed by Officers J. A. Radney, M. A. Mendoza, and D. M. Morrow (collectively "Defendants" or "Officers") (doc. 74) to the United States Magistrate Judge for recommendation. Plaintiff Randy L. Davenport ("Plaintiff") filed a response (doc. 79), and Defendants filed a Reply (doc. 80).

**Background**

Plaintiff was arrested on October 11, 2007, pled guilty to attempting to take a weapon from a police officer, and was sentenced on August 29, 2008. Plaintiff, proceeding pro se, filed suit against the City of Garland, Texas (the "City") and several John Doe defendants on April 30, 2009. On January 27, 2010, he filed a Second Amended Complaint substituting the names of the Officers, J. A. Radney, M. A. Mendoza, and D. M. Morrow, for three John Doe defendants. Plaintiff's claims against the City were dismissed on April 30, 2010. Plaintiff filed his motion requesting service of process on the Officers on May 20, 2010. The Court ordered Defendants to be served. Service was effected, and Defendants now seek summary judgment on the grounds that the two-year statute of limitations expired before they were served. Plaintiff requests the Court to equitably toll the limitations period, claiming that he was confused and believed he could not file suit against the Officers until the Court ordered the City to give him their full names.

Plaintiff claims the Officers violated his civil rights under 42 U.S.C. § 1983 by using excessive force during his arrest on October 11, 2007. Federal law determines when a cause of action accrues and therefore when the statute of limitations commences for a § 1983 action. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Section 1983 does not contain its own limitations period, but the appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In Texas, this period is two years, and the two-year limitations period has been consistently applied by this Court to § 1983 actions arising in Texas. *See, e.g., Burrell,* 883 F.2d at 418, 422.

Plaintiff's claims against the Officers accrued on October 11, 2007, the date the Officers arrested him. Any party to his excessive force cause of action must have been sued, added, or substituted by October 12, 2009, unless the statute of limitations was equitably tolled or the amendment relates back to the filing date of the original complaint. Relation back is not applicable here.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. RR.*, 380 U.S. 424, 428 (1965)). Equitable tolling requires evidence that extraordinary circumstances beyond the plaintiff's control made a timely filing impossible. *See Criner v. Thaler*, 2011 U.S.Dist. LEXIS 45711 *7 (N.D. Tex. April 27, 2011). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

## Analysis

Defendants have properly supported their motion for summary judgment with evidence that: (1) the statute of limitations had run on Plaintiff's claims before Defendants were served; and (2) Plaintiff has presented no facts or circumstances that warrant equitable tolling of the limitations period. In his Response, Plaintiff failed to submit an affidavit or declaration. Plaintiff submitted a two page, unverified pleading containing his arguments and five documents, Exhibits A-D and F. Defendants have offered competent summary judgment evidence in support of their motion, excerpts from Plaintiff's deposition.

Plaintiff's testimony under oath at his deposition revealed that he was an experienced litigator, having sued Dallas Police Officers in 1981. (Pl.'s Dep. at 4.) Plaintiff had encounter Officers Mendoza, Radney and Morrow before they arrested him on October 11, 2007. (*Id*. at 21.) Sometime before October of 2007, they had talked to him about a capital murder of a police officer. (*Id*. at 21-22.) Plaintiff recognized that he had previously been questioned by all three officers, Radney, Morrow, and Mendoza. (*Id*. at 27-28.) Plaintiff admits that in December 2007, he filed an internal complaint on Officers Morrow and Radney and that he could have filed this lawsuit then. (*Id*. at 28, 64.)

However, he did not file the lawsuit against them in October 2007, but waited until April 2009, and then sued the City of Garland and John Does Officers. (*Id*. at 29.) Plaintiff admits that he could have filed the suit against the City of Garland in 2007 or 2008 and obtained the Officers names then, but he chose to wait until April of 2009 to file the suit and to ask the Court to order the City of Garland to give him the Officers' names. (*Id*. at 30, 44.) Plaintiff admits that he had the names of Officer Morrow and Officer Radney from the arrest report in 2007. (*Id*. at 41.) On August

28, 2008, Plaintiff signed a judicial confession admitting that he unlawfully, intentionally and knowingly with force attempted to take Officer J. Radney's gun from him. (*Id*. at 45-46.) Plaintiff admitted that, in 2007, he saw his indictment that listed the names of Morrow and Radney. (*Id*. at 47.) Plaintiff admitted that he had always known that the statute of limitations for excessive force was two years and that if he did not file his lawsuit within two years of the date of his arrest, his claims would be barred by the statute of limitations. (*Id*. at 48-50.) Nevertheless, in April 2009, Plaintiff chose to list the Officers as John Does because he believed that would toll the statute of limitations. (*Id*. at 49-50.)

Plaintiff's unverified response to Defendants' summary judgment motion relies upon his confusion and his belief that everything had to be correct before he filed suit. Plaintiff states he was confused over whether Officer Radney's first initial was "J" or "M." Plaintiff claims that he spent many months writing agencies, trying to verify the Officers' names. This included a public information request to the City of Garland before Plaintiff filed suit. Plaintiff's Exhibits to his Reply show that on October 24, 2007, when True Bills of Indictment were issued, he knew that the Officers who arrested him were Radney and Morrow. (Ex. A, B, and C.)

Plaintiff obtained certified copies from the district clerk of documents related to Plaintiff's criminal case. Included within those documents is the Arrest Warrant which clearly sets forth Officers Radney, Mendoza, and Morrow as the arresting officers and describes their roles in the arrest. (Def's. App. 4-7.) Plaintiff concedes he was able to obtain documents from this file in 2007 and concedes that he reviewed an "arrest report," but claims that he did not retain a copy. (Pl.'s Dep. at 38.)

In response to the Officers' motion to dismiss earlier in this proceeding, Plaintiff relied upon his attempts to obtain the Officers' names during this lawsuit. He led the Court to believe that he had acted diligently in attempting to learn the Officers' names. At that time, he failed to inform the Court that he knew in 2007 that the arresting Officers were Radney, Morrow, and Mendoza. Defendants did nothing to delay or prevent Plaintiff from filing his suit before the limitation period expired. Plaintiff has failed to meet his burden to present competent summary judgment evidence to show that extraordinary circumstances beyond his control made a timely filing against the Officers impossible. Plaintiff's claimed confusion over or unfamiliarity with the legal process is not grounds for equitable tolling.

### **Recommendation**

The Court recommends that the District Court deny Plaintiff's request for equitable tolling of the statute of limitations and grant Defendants' Motion for Summary Judgment (doc. 74).

**IT IS SO RECOMMENDED**, June 15, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).